UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEON MCDANIEL, | No. 2:19-cv-1136 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| JOE LIZARRAGA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding through counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and paid the court's filing fee. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

II. Plaintiff's Allegations

Plaintiff is incarcerated at Mule Creek State Prison ("MCSP"). Plaintiff names as defendants Warden Joe Lizarraga, Dr. Galang, RN Martinez, Dr. Crooks, Dr. Hawkins, Dr.

Ibrahim, RN Toralba, RN Micael, and Dr. Lin. Such defendants are employed at MCSP, San Joaquin General Hospital, Doctor's Hospital of Manteca, and Methodist Hospital of Sacramento. Plaintiff alleges defendants were deliberately indifferent to plaintiff's serious medical needs in connection with the care and treatment of fractures to numerous metacarpal bones in his right hand, including delays in post-operative care resulting in the severe contracture and deformity of his right hand, as well as failed surgical results on two occasions. Plaintiff fractured his third and fourth metacarpal bones of his right hand during an assault on May 22, 2014. Dr. Galang performed surgery on plaintiff's third and fourth metacarpal bones of his right hand on June 6, 2014, at San Joaquin General Hospital. On December 15, 2014, Dr. Ibraham performed corrective surgery on plaintiff's right hand at Doctor's Hospital of Manteca.

Plaintiff was assaulted again on May 28, 2018, during which he claims he suffered a fracture of the first metacarpal bone of his right hand. (ECF No. 1 at 8.) Dr. Lin performed surgery on plaintiff's second metacarpal bone on his right hand on June 8, 2018. (ECF No. 1 at 9.)

Plaintiff alleges that due to the deliberate indifference of defendants, including their delays and omissions, plaintiff suffered severe contractures of his second, third, fourth and fifth digits of his right hand, and a severely deformed right hand, rendering his dominant right hand unusable, and subjecting plaintiff to severe and chronic pain.

III. Eighth Amendment Claims

    A. Eighth Amendment Standards

In order to state a claim under the Eighth Amendment regarding medical care, plaintiff must allege and prove that he suffered a sufficiently serious deprivation (the objective prong of the claim) and that officials acted with deliberate indifference in allowing or causing the deprivation to occur (the subjective prong of the claim). Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Thus, when a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A viable Eighth Amendment medical claim, then, states two elements: "the seriousness of the prisoner's

medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to it with deliberate indifference. Farmer, 511 U.S. at 834. In general, a prisoner may show deliberate indifference with evidence that officials denied, delayed, or intentionally interfered with medical treatment, or he may show it by the way in which prison officials actively provided medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights were violated by inadequate medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).

B. Cognizable Eighth Amendment Claims

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Eighth Amendment claims against defendants

3

Warden Joe Lizarraga, Dr. Galang, RN Martinez, Dr. Crooks, Dr. Hawkins, Dr. Ibrahim, RN Toralba, RN Micael, and Dr. Lin, based on their actions and inactions from 2014 to 2015. See 28 U.S.C. § 1915A. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of the action. The Clerk of the Court is directed to issue the appropriate number of summonses to plaintiff for purposes of service of process. See Federal Rule of Civil Procedure 4.

Within sixty days from the date of this order, plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4. Plaintiff shall serve a copy of this order on each defendant together with a summons and a copy of complaint.

Once service of process has been accomplished, plaintiff shall file a notice of the date and manner of service of process on each defendant.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. The allegations in the pleading are sufficient to state potentially cognizable Eighth Amendment claims against defendants Warden Joe Lizarraga, Dr. Galang, RN Martinez, Dr. Crooks, Dr. Hawkins, Dr. Ibrahim, RN Toralba, RN Micael, and Dr. Lin. See 28 U.S.C. § 1915A.

2. The Clerk of the Court is directed to issue and send plaintiff nine summonses for the above defendants.

3. Within sixty days from the date of this order, plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4. Plaintiff shall serve a copy of this order on each defendant at the time the summons and complaint are served.

4. Defendants shall reply to the complaint within the time provided in Fed. R. Civ. P. 12(a).

Dated: October 1, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mcda1136.8.aty

4