UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH LEON MCDANIEL,

Plaintiff,

v.

JOE LIZARRAGA, et al.,

Defendants.

No. 2:19-cv-1136 JAM KJN P

ORDER

Plaintiff, a state prisoner proceeding through counsel, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Two sets of findings and recommendations are pending. As discussed below, the undersigned adopts the findings and recommendations, denies plaintiff's pending motion to amend, but grants plaintiff leave to renew his motion to amend with a proposed amended complaint.

I. Defendant Lin's Motion to Dismiss

On August 7, 2020, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.[1] (ECF No. 42.) Following extensions of time, plaintiff filed objections to the findings and recommendations on January 12, 2021. (ECF No. 73.)

---

[1] The magistrate judge found that plaintiff failed to state a plausible claim for deliberate indifference to plaintiff's serious medical need, and recommended that Dr. Lin's motion to dismiss be granted. Because plaintiff failed to provide any additional facts to support his claim in his opposition, the magistrate judge declined to grant plaintiff leave to amend, but recommended that Dr. Lin be dismissed without prejudice to plaintiff filing a motion to amend should pertinent facts be uncovered during discovery.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. Dr. Lin's motion is granted. However, in an abundance of caution, plaintiff is granted leave to amend to plead additional facts as to Dr. Lin.

II. Motions by Defendants Toralba, Martinez, Dr. Galang, Dr. Hawkins, Lizzaraga, and Micael

On October 15, 2020, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.[2] (ECF No. 54.) Defendant Micael filed objections. (ECF No. 61.) Following extensions of time, plaintiff filed objections to the findings and recommendations on January 15, 2021. (ECF No. 74.)

On January 29, 2021, defendant Dr. Galang filed a reply and objections to the exhibits plaintiff appended to his objections. (ECF Nos. 79, 80.) On February 19, 2021, defendants Hawkins, Martinez and Toralba filed a reply. (ECF No. 86.) On March 19, 2021, plaintiff filed an unauthorized sur-reply to moving defendants' response to plaintiff's objections.[3] (ECF No. 92.) In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court conducted a de novo review of this case, and addresses the moving defendants as set forth below.

A. Defendant Micael

The court reviewed defendant Micael's objections. Despite such objections, the findings

---

[2] The magistrate judge recommended that plaintiff's claims against defendants Toralba, Martinez, Dr. Galang, and Dr. Hawkins be dismissed as barred by the statute of limitations; and that defendant Lizarraga be dismissed based on plaintiff's failure to allege facts demonstrating defendant Lizarraga acted with a culpable state of mind and the causal connection between the acts or omissions of defendant Lizarraga that allegedly constitute a violation of plaintiff's Eighth Amendment rights (ECF No. 54 at 16-17). The magistrate judge recommended that defendant Micael's motion be denied. (ECF No. 54 at 19-20.)

[3] In his introduction, plaintiff claims the magistrate judge "then ordered that defendants respond to plaintiff's objections." (ECF No. 92 at 1.) However, defendants sought an extension of time to file their response to plaintiff's objections, which the court granted. (ECF Nos. 78, 82.) The findings and recommendations provided for the filing of objections and a response. (ECF No. 54 at 22.) Plaintiff did not seek leave of court to file a sur-reply to the response.

and recommendations are supported by the record and by proper analysis. Defendant Micael's motion to dismiss is denied.

### B. Defendant Lizarraga

Plaintiff's objections do not address defendant Lizarraga but are solely directed to the statute of limitations issue raised by other moving defendants. The undersigned reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis. Defendant Lizarraga's motion to dismiss is granted.

### C. Defendants Galang, Hawkins, Martinez and Toralba

Initially, the court finds defendant Galang's objection to plaintiff's exhibits is well-taken. (ECF No. 80.) For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012). The complaint contained no exhibits. (ECF No. 1, *passim*.) The exhibits plaintiff submitted with his objections (ECF No. 74-1, 2) are not properly subject to judicial notice.[4] Therefore, the court solely considers plaintiff's complaint in addressing the motions to dismiss.

#### 1. New Arguments in Objections

Despite being represented by counsel, plaintiff offered no substantive arguments in oppositions to the motions to dismiss. Indeed, in the October 15, 2020 findings and recommendations, the magistrate judge stated:

> Plaintiff's oppositions offer no substance. Plaintiff merely repeats that his "injuries are ongoing and easily within the applicable statute of limitations." (ECF Nos. 19, 31, 38 & 41 at 2.) Plaintiff cites no legal authorities to support such statement. Plaintiff points to no specific facts as to incidents falling within the two-year limitations period.

(ECF No. 54 at 11.) In addition, plaintiff did not argue he was entitled to equitable tolling, and plaintiff's complaint and oppositions alleged no facts demonstrating plaintiff was pursuing another remedy in another legal forum. (Id.) In his oppositions, plaintiff also failed to address or

---

[4] Although such exhibits purport to be plaintiff's declarations, they are not signed by plaintiff, or sworn under penalty of perjury. Fed. R. Civ. P. 11(a); 28 U.S.C. § 1746.

3

provide the time frame involved in exhausting administrative remedies for purposes of equitable tolling. (Id.)

This court has discretion, but is not required, to consider arguments raised for the first time in a party's objections. See Brown v. Roe, 279 F.3d 742, 744 (2002) (holding pro se prisoner's petition remanded based on district court's failure to exercise discretion as to whether to consider newly-raised equitable tolling argument in objections); United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000). Here, as in Howell, plaintiff is represented by counsel, and therefore plaintiff is not accorded the "benefit of any doubt." Brown, 279 F.3d at 746 (citation omitted).

It appears plaintiff's counsel waited to submit substantive arguments to the motions until he filed objections to the findings and recommendations. Such delay defeats the purpose for which the magistrate judge system was designed: "to alleviate the workload of district courts." Howell, 231 F.3d at 622 (citation omitted). In his objections, plaintiff raised, for the first time, his argument that his claim is not barred by the statute of limitations under the "continuous treatment doctrine" (ECF No. 74 at 8), citing various state law cases, some as early as 1995, and primarily relying on Kitzig v. Norquist, 81 Cal. App. 4th 1384, 1387 (2000), demonstrating such authorities were available to counsel at the time his oppositions were filed.

The accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law. Wallace v. Kato, 549 U.S. 384, 388 (2007). Plaintiff's counsel acknowledges that "state law determines the length of the limitations period, *federal law* determines when a civil rights claim accrues," quoting Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002) (emphasis added) (internal quotation and citation omitted). (ECF No. 74 at 4.) Despite such acknowledgment, in his objections plaintiff's counsel relies exclusively on state law, failing to address any governing Ninth Circuit authority, or any other federal authorities for that matter.[5] Because plaintiff is represented by counsel, the court is not required to scrutinize

---

[5] Indeed, in his unauthorized sur-reply, plaintiff's counsel continues to rely on state law, citing two California cases, "Kitzeg and Rameriz [sic]," without citations. (ECF No. 92 at 2.)

4

plaintiff's objections in an effort to determine whether plaintiff's arguments meet the continuing violation doctrine applied by some federal courts. Rather, that was plaintiff's counsel's responsibility. Therefore, the undersigned exercises his discretion to refuse to consider plaintiff's counsel's new arguments improperly based on state law and raised for the first time in objections.

Plaintiff also objects that the two-year statute of limitations should not apply to him because Brooks v. Mercy Hospital, 1 Cal. App. 5th 1, 7 (Cal. App. 2016), was not decided until 2016, and therefore any such application is an ex post facto application because he was convicted in 1991. (ECF No. 74 at 33-34.) Such argument is inapposite. Over 25 years ago, California provided unlimited tolling of the statute of limitations for incarcerated prisoners during imprisonment; however, effective January 1, 1995, the law was amended to limit tolling for prisoners to two years. Cal. Code Civil Proc. § 352.1. Such amendment included the provision "less than for life," excluding prisoners serving terms of life without the possibility of parole. Id. Thus, § 352.1 is appropriately applied because plaintiff did not dispute that he is sentenced to life without the possibility of parole. In Brooks, the state court simply clarified that inmates serving less than a life sentence remain eligible for the additional two years of tolling for incarceration. Id. (holding the statutory language of Cal. Code Civ. Proc. § 352.1(a) excludes those sentenced to life without the possibility of parole, but is applicable to prisoners serving a sentence of life with the possibility of parole).

"Under federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted). The complaint alleges that on October 21, 2014, Dr. Rudas noted plaintiff had a very poor result from the June 6, 2014 surgery (ECF No. 1 at ¶ 31); on November 21, 2014, plaintiff sought emergency medical care "for severe pain from severely contracted right hand" (ECF No. 1 at ¶ 33); and on December 15, 2014, plaintiff met with defendant Dr. Ibrahim "for a Pre-Op Consult for a corrective/revisionist surgery of the right hand severe contractures," after which Dr. Ibrahim performed such surgery on January 30, 2015. (ECF No. 1 at ¶¶ 34, 35.) Plaintiff saw Dr. Soltanian on August 18, 2015, for treatment "due to the bad outcome of the first surgery of June 6, 2014" (ECF No. 1 at ¶ 42); began a hunger strike on September 21, 2015, to

protest two failed surgeries (ECF No. 1 at ¶ 43).[6]  Thus, plaintiff was aware of the harm or injuries to his right hand in 2014, yet waited to file suit until 2019, exceeding the two year limitations period.

Plaintiff provides no additional facts to demonstrate that the administrative appeal process would grant him sufficient tolling.  Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) (holding that limitations period tolled while completing the required administrative appeal process). Plaintiff refers to an appeal filed as to Dr. Hawkins' care on August 8, 2014.  (ECF No. 74 at 37.) But even if the administrative exhaustion process took a year, an additional year of tolling would not render the complaint timely because plaintiff did not file this action until June 20, 2019. Plaintiff refers to "equitable tolling," but offers no facts demonstrating he was pursuing another legal remedy and that the moving defendants had notice.  Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (noting that equitable tolling under California state law "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'")

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. The motions filed by defendants Hawkins, Martinez, Toralba, and Galang should be granted because plaintiff's Eighth Amendment claims are barred by the statute of limitations.

          2. Leave to Amend

Leave to amend should be granted freely when justice so requires.  See Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 701 (9th Cir. 1988) (noting that courts should not deny leave to amend if the court can "conceive of facts" that would render claims viable).  Therefore, the court considers whether plaintiff can amend to allege facts demonstrating such claims are not

---

[6] In his objections, plaintiff admits that on August 8, 2014, "Dr. Hawkins MD . . . was not treating Plaintiff's hand pain effectively," and he submitted an inmate appeal that day.  (ECF No. 74 at 37; see also 39-40.)

6

barred by the statute of limitations.

### a. Discovery Rule

The Ninth Circuit applies the discovery rule in § 1983 cases in which Eighth Amendment violations are alleged. See, e.g., Gregg v. Hawaii, Dep't of Pub. Safety, 870 F.3d 883, 886-87 (9th Cir. 2017) (finding an Eight Amendment deliberate indifference claim accrued when Gregg knew, or had reason to know, through reasonable diligence, that her psychological injuries were caused by improper conduct in therapy); Bibeau v. Pac. Nw. Research Found. Inc., 188 F.3d 1105, 1108 (9th Cir. 1999), opinion amended on denial of reh'g, 208 F.3d 831 (9th Cir. 2000) (applying discovery rule in an Eighth Amendment action involving experimental testicular irradiation experiments in prison, brought years after the experiments ended). Federal law determines when the claim accrues. Gregg, 870 F.3d at 887. Under federal law, a civil rights claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Bird v. Dep't of Human Servs., 935 F.3d 738, 743 (9th Cir. 2019) (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000)). A plaintiff "must be diligent in discovering the critical facts." Gregg, 870 F.3d at 887. "A cause of action accrues even if 'the full extent of the injury is not then known.'" Id., citing Wallace v. Kato, 549 U.S. 384, 391 (2007) (quoting 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-27 (1991)).

Here, as detailed above, plaintiff's complaint demonstrates that in 2014, plaintiff had reason to know that he suffered poor surgical results following the June 6, 2014 surgery. Such allegations demonstrate that plaintiff was aware in 2014 that the first surgery failed, yet did not file this action until June 20, 2019. Unlike cases of later-diagnosed cancer or injuries that were not obvious or not discovered until after the limitations period expired, plaintiff's hand injuries were obvious and documented in 2014. Indeed, by early 2016, his injury was described as chronic: On March 3, 2016, an x-ray report noted well-healed fractures "present with chronic deformity." (ECF No. 11 at ¶ 44.) Plaintiff's efforts to mitigate the effects of such post-surgical injuries through physical therapy do not toll the statute of limitations for years until plaintiff is finally informed by a physical therapist on November 20, 2018, that further physical therapy was useless.

Plaintiff's argument that he was unaware of his cause of action or legal claim until November 20, 2018, is also unavailing. A person knows, or should know, of the injury that forms the basis for an action when he knows "both the existence and the cause of his injury," not upon becoming aware of the applicable law that gives rise to a claim. United States v. Kubrick, 444 U.S. 111, 113 (1979); see also Lukovsky v. City & Cnty. of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008).

### b. Continuing Violation Doctrine

Plaintiff's belated argument that he is entitled to the continuous treatment doctrine applicable under state law suggests plaintiff might attempt to amend to allege facts supporting application of the continuing violation doctrine. Defendants Dr. Hawkins, Martinez, and Toralba argue that such doctrine is now extremely limited: "Discrete acts of a defendant "are not actionable if time barred, even when they are related to acts alleged in timely filed charges because each discrete act starts a new clock for filing charges alleging that act," quoting Bird, 935 F.3d at 747. (ECF No. 86 at 4.)

The continuing violation doctrine is an exception to the discovery rule of accrual which may allow a plaintiff to seek relief for incidents occurring outside the limitations period. See Bird, 935 F.3d at 746, citing Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001). Historically, the Ninth Circuit recognized two applications: (1) the "related acts" continuing violation theory, also known as the "serial acts" theory; and (2) the maintenance of a discriminatory system occurring both before and within the limitations period, also known as the systematic branch of the continuing violation doctrine. Bird, 935 F.3d at 746. However, the Supreme Court limited the related acts continuing violation theory in National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). The Court held that "'discrete . . . acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges' because [[e]ach discrete . . . act starts a new clock for filing charges alleging that act.'" Bird, 935 F.3d at 747 (citing Morgan, 536 U.S. at 113). See also Carpinteria Valley Farms, Ltd. v. County of Santa Barbara, 344 F.3d 822, 829 (9th Cir. 2003) ("Although Morgan was a Title VII case . . . we have applied Morgan to bar § 1983 claims predicated on discrete time-barred acts, notwithstanding that those acts are related

8

to timely filed claims."). In Bird, the Ninth Circuit noted it has also applied Morgan "to abrogate the systematic branch of the continuing violations doctrine as well,"[7] concluding that "little remains of the continuing violations doctrine." Id., 935 F.3d at 747. "Except for a limited exception for hostile work environment claims -- not at issue here -- the serial acts branch is virtually non-existent."[8] Id.

Thus, after Bird, plaintiff's allegations fail to meet the continuing violations exception now limited by the Supreme Court and the Ninth Circuit. Plaintiff does not allege facts suggesting a "class-wide pattern-or-practice claim." Rather, plaintiff alleges a series of discrete incidents of deliberate indifference: Dr. Galang performed surgery on June 6, 2014, and removed plaintiff's pins on September 2, 2014 (ECF No. 1 at ¶ 30); on June 6, 2014, RN Martinez was deliberately indifferent (ECF No. 1 at ¶ 22); RN Toralba was deliberately indifferent on July 24, 2014 (ECF No. 1 at ¶¶ 28, 147); Dr. Hawkins failed to ensure plaintiff received timely follow-up for the removal of the pins, which were not removed until September 2, 2014; on November 1, 2014, nonparty Dr. Petterson took over plaintiff's primary care from Dr. Hawkins (ECF No. 1 at ¶¶ 26-27; 32; 119-20). None of these alleged violations occurred within the two-year limitations period. Therefore, plaintiff cannot satisfy the more restrictive continuing violation test as to the moving defendants, and is not entitled to such exception. Plaintiff claims that he continued to suffer pain and endured rigorous physical therapy until 2018 as a result of moving defendants' deliberate indifference, but the "mere continuing impact from past violations is not actionable." Knox, 260 F.3d at 1013 (emphasis and citation omitted). Thus, the continuing violations doctrine

---

[7] The Ninth Circuit cited two examples. Bird, 935 F.3d at 747, citing Lyons v. England, 307 F.3d 1092, 1107 (9th Cir. 2002) (reasoning "that a plaintiff's "assertion that [a] series of discrete acts flows from a company-wide, or systematic, discriminatory practice will not succeed in establishing the employer's liability for acts occurring outside the limitations period."); Cherosky v. Henderson, 330 F.3d 1243, 1247 (9th Cir. 2003) (rejecting argument that plaintiffs could recover damages under the systematic branch of the continuing violations doctrine as long as such acts were conducted under a discriminatory company policy, deciding that "[t]he allegation that. . . discrete acts were undertaken pursuant to a discriminatory policy does not extend the statutory limitations period." Bird, 330 F.3d at 1247.

[8] The Ninth Circuit further noted that while some room was left for "the systematic branch to apply to class-wide pattern-or-practice claims," . . . "we have consistently refused to apply the systematic branch to rescue individualized claims that are otherwise time-barred." Id.

does not save any claim based on the moving defendants' acts or omissions prior to November 1, 2014.

### c. Fraudulent-concealment doctrine

Plaintiff now argues that plaintiff's doctors and physical therapists concealed the extent of the injuries to plaintiff's hand, apparently invoking the fraudulent concealment doctrine. (ECF No. 92 at 3.)

A federal statute of limitations may be equitably tolled when a plaintiff remains in ignorance of a cause of action because defendants fraudulently concealed facts material to the plaintiff's claim. Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946). For the doctrine of fraudulent concealment to apply, a plaintiff must show "affirmative conduct" by defendants which would, in the circumstances given, lead a reasonable person to believe that he did not have a claim for relief. Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1415 (9th Cir. 1987). As the Ninth Circuit explained: "To invoke the doctrine in the complaint, [plaintiff] must plead with particularity the facts giving rise to the fraudulent concealment claim and must establish that they used due diligence in trying to uncover the facts." Id. at 1415-16. Silence or passive conduct on the part of the defendants would not constitute fraudulent concealment, and a plaintiff's ignorance of the cause of action, without more, does not toll the statute. Id. at 1416.

Here, plaintiff's complaint does not provide facts sufficient to conclude that he could not have discovered the basis of his claim before November of 2016 or that any of the moving defendants concealed this information from him. See Lyons v. Michael & Associates, 824 F.3d 1169, 1171 (9th Cir. 2016). Rather, as set forth above, plaintiff had knowledge of the injuries to his hand in 2014.

////

### d. Conclusion

Because plaintiff's claims are time-barred, he cannot address such defect by amendment. "Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." Wheeler v. City of Santa Clara, 894 F.3d 1046, 1059 (9th Cir. 2018), citing Carrico v. Cty and Cnty. Of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011). Where a § 1983 claim is

barred by the statute of limitations, "amending the complaint would have been futile." Wheeler, 894 F.3d at 1059-60. Therefore, defendants Dr. Galang, Dr. Hawkins, Martinez, and Toralba should be dismissed with prejudice. Monical v. Jackson Cnty., 2021 WL 1110197, at *4 (D. Or. Mar. 23, 2021) (finding continuing violation doctrine does not apply to actions occurring outside the statute of limitations, and granting motion to dismiss complaint with prejudice as to such time-barred claims); Panah v. Dep't of Corr. & Rehab., 2020 WL 5798275, at *13 (N.D. Cal. Sept. 29, 2020), reconsideration denied, 2020 WL 8613843 (N.D. Cal. Dec. 17, 2020) (finding Panah's "continuing violation theory fails to save any of the challenged claims from being untimely," granting the motion to dismiss certain federal claims from complaint as untimely).

III. Motion to Amend

On January 21, 2021, plaintiff filed a motion to amend, accompanied by his proposed first amended complaint. All defendants except defendant Ibrahim oppose plaintiff's motion to amend. (ECF Nos. 83 (Dr. Galang and Dr. Crooks); 84 (K. Martinez, L. Micael, A. Toralba, and Dr. Hawkins); 85 (Dr. Lin).) Plaintiff filed a reply to the opposition filed by defendants Martinez, Toralba and Dr. Hawkins on March 17, 2021. (ECF No. 87.) On March 18, 2021, plaintiff filed his response to the opposition to plaintiff's motion to amend. (ECF No. 90.)

In light of the above ruling on defendants' motions to dismiss, portions of the proposed amended complaint are futile; therefore, leave to amend to file the proposed amended complaint should be denied. However, in an abundance of caution, plaintiff's motion to amend is denied without prejudice to allow plaintiff to renew his motion to amend and proposed amended complaint in light of the instant order.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 7, 2020, are adopted in full.

2. Defendant Lin's motion to dismiss (ECF No. 11) is granted.

3. Defendant Lin is dismissed without prejudice.

4. The findings and recommendations filed October 15, 2020 (ECF No. 54), are adopted in full.

5. Defendant Micael's motion to dismiss (ECF No. 40) is denied.

11

6. Defendant Lizarraga's motion to dismiss (ECF No. 40) is granted.

7. Defendant Lizarraga is dismissed without prejudice.

8. Defendant Galang's objections to plaintiff's exhibits appended to his objections are sustained (ECF No. 80); the court has not considered such exhibits.

9. The motions to dismiss filed by defendants Toralba, Martinez, Dr. Galang, and Dr. Hawkins (ECF Nos. 17, 30, 37, 40) are granted.

10. Defendants Toralba, Martinez, Dr. Galang, and Dr. Hawkins are dismissed with prejudice.

11. Plaintiff's motion to amend (ECF No. 76) is denied without prejudice to renewal consistent with this order.

DATED: April 29, 2021

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE