UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEON MCDANIEL, | No. 2:19-cv-1136 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| JOE LIZARRAGA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding through counsel. Plaintiff seeks relief under 42 U.S.C. § 1983. On November 22, 2021, plaintiff filed a pro se document styled "Application for Relief from Default and Application for Late Filing of Notice of Appeal." (ECF No. 117.) Plaintiff seeks an extension of time in which to appeal the district court's April 30, 2021 order. As discussed below, plaintiff's motion is denied.

Plaintiff was previously informed that because he is represented by counsel, he is not permitted to file pro se documents in this action. However, because plaintiff claims that his attorney is not authorized to practice in the Court of Appeals for the Ninth Circuit and will not be filing an appeal, the undersigned will address plaintiff's pro se filing.

An appeal "from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a)(1). The notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or

1

order appealed from." Fed. R. App. P. 4(a)(1)(A).  However, the district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires," and "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).  "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

Plaintiff's request, filed over 30 days after the April 30, 2021 order was entered, is untimely; thus, the district court has no jurisdiction to extend the deadline.  United States v. Sadler, 480 F.3d 932, 937 (9th Cir. 2007) (requirement of timely notice of appeal is jurisdictional).[1]  In addition, the court cannot construe plaintiff's filing as a motion to reopen the time to appeal because such motion is also untimely.  See Fed. R. App. P. 4(a)(6)(B) (motion must be filed within 180 days after entry of the or order or within 14 days after receiving notice of the entry of the order, whichever is earlier).  Here, the order was entered on April 21, 2021, and plaintiff concedes that he received news of such order by mail "in a somewhat timely fashion." (ECF No. 117 at 2.)  Plaintiff confirmed that on May 12, 2021, he instructed counsel to ascertain the time frame for filing an appeal.  (Id.)  Thus, whether one considers the 180 day deadline that expired on October 27, 2021, or calculates the May 26, 2021 deadline from plaintiff's receipt of the order as May 12, 2021, the date he instructed counsel, plaintiff's filing is untimely.  Fed. R. App. P. 4(a)(6)(B).

///
///
///
///
///
///

---

[1] Although plaintiff's request for an interlocutory appeal of the April 21, 2021 decision is untimely, he may still seek appellate review following entry of final judgment in this action, provided he timely files a notice of appeal after such entry.  Fed. R. App. P. 4(a)(1)(A).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's pro se motion (ECF No. 117) is denied for lack of jurisdiction.

2. The Clerk of the Court is directed to send a copy of this order to plaintiff Joseph Leon McDaniel, H-18541, Mule Creek State Prison, P.O. Box 409060, Ione, CA  95640.

Dated:  December 28, 2021

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE