UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEON MCDANIEL, | No. 2:19-cv-1136 DAD KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JOE LIZARRAGA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding through counsel. Defendant Ibrahim's fully briefed motion for judgment on the pleadings is before the court. As it relates to the pending motion, this action proceeds on plaintiff's claims alleging deliberate indifference to serious medical needs as to defendant Ibrahim's post-operative medical care. As discussed below, the undersigned finds that because plaintiff's claims against defendant Ibrahim accrued at the latest in 2015, such claims are barred by the statute of limitations, and he is entitled to judgment on the pleadings.

Procedural Background

On June 20, 2019, plaintiff, through counsel, filed a complaint for declaratory relief and monetary damages against multiple defendants. (ECF No. 1.) Dr. Ibrahim filed an answer on December 11, 2019. (ECF No. 10.)

////

1

Defendants Toralba, Martinez, Galang, Hawkins and Crooks were dismissed with prejudice based on the court's finding that plaintiff's Eighth Amendment claims were barred by the two year statute of limitations. (ECF Nos. 54, 94 (Apr. 30, 2021), 109, & 112 (Oct. 1, 2021).)

Plaintiff filed a first amended complaint on October 31, 2021. (ECF No. 114.)

On November 22, 2021, defendant Ibrahim filed an amended answer. (ECF No. 115.) On August 16, 2022, defendant Micael filed an answer. (ECF No. 138.)

On July 26, 2022, plaintiff's claims against defendant Lin were dismissed with prejudice, and defendant Micael's motion to dismiss plaintiff's First and Eighth Amendment claims was denied. (ECF Nos. 124, 134 (July 26, 2022).)

On October 20, 2022, defendant Wilkenson was dismissed at plaintiff's request. (ECF No. 142.)

<u>The Operative Pleading</u>

This case proceeds on plaintiff's verified first amended complaint alleging the following. At all times relevant herein, plaintiff was incarcerated at Mule Creek State Prison ("MCSP"). Plaintiff named as defendants Dr. Ibrahim, physician and surgeon at Doctor's Hospital of Manteca, California; Micael, employed by the California Department of Corrections and Rehabilitation ("CDCR") at MCSP as a Clinic RN; Dr. Lin, outside physician and surgeon, and Physical Therapist Wilkenson, independent contractor. (ECF No. 114 at 3.)

After an assault, plaintiff suffered injuries to his right hand, which required multiple surgeries and caused plaintiff pain. Plaintiff alleged deliberate indifference to his serious medical needs in connection with the care and treatment of fractures to numerous metacarpal bones in his right hand, including alleged delays in post-operative care, and the provision of physical therapy related thereto. Due to such alleged deliberate indifference, including delays and omissions, plaintiff suffered severe contractures of his second, third, fourth and fifth digits of his right hand, and a severely deformed right hand, rendering his dominant right hand unusable, and subjecting plaintiff to severe and chronic pain. Plaintiff seeks, <u>inter alia</u>, money damages.

////

////

Factual Background

Plaintiff is developmentally disabled. (ECF No. 114 at 5.) On May 22, 2014, plaintiff was assaulted and suffered a right hand injury. At the time of the assault, plaintiff was enrolled in the CCCMS mental health delivery program.[1] (ECF No. 114 at 4.) Plaintiff's hand injury required surgery, during which K-Wire Pins x3 were implanted. The pins were allegedly not timely removed; rather, 58 days after surgery, the pins, partially protruding and possibly infected, were finally removed. On October 21, 2014, Dr. Rudas noted that post operatively, plaintiff had "a very poor result" and was left with contractures of his right, third, fourth and fifth fingers. (ECF No. 114 at 6.) Plaintiff did not receive physical therapy as ordered.

On December 15, 2014, plaintiff met with Dr. Ibrahim to discuss corrective/revisionist surgery for the contractures. (ECF No. 114 at 7.) On January 30, 2015, Dr. Ibrahim performed surgery on plaintiff's right hand to free the contractures. (ECF No. 114 at 7-8.)

On February 13, 2015, Dr. Pettersen requested urgent physical therapy for plaintiff's right hand contractures of the third, fourth and fifth metacarpal digits. (ECF No. 114 at 8.) By March 23, 2015, Dr. Ibrahim noted plaintiff had no physical therapy thus far. (Id. at 8.) On September 21, 2015, plaintiff was seen by unidentified nursing staff at MCSP after plaintiff began a hunger strike to protest untreated chronic and severe right hand pain after the two failed surgeries. (Id. at 9.)

On March 3, 2016, plaintiff's right hand was x-rayed; results showed healed fractures of the metacarpal bones with chronic deformity of the hand. (Id.) On November 14, 2016, Dr. Vaughn requested plaintiff receive physical therapy two times per week for eight weeks for the contractures. (Id. at 10.)

On November 16, 2017, plaintiff met with Dr. Ibrahim; plaintiff did not agree to allow Dr. Ibrahim to fuse plaintiff's joints. (Id. at 10.)

---

[1] The Mental Health Services Delivery System Program Guide for the California Department of Corrections and Rehabilitation provides four levels of mental health care services: Correctional Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health Crisis Bed ("MHCB") and inpatient hospital care. Coleman v. Brown, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).

3

<u>Legal Standard for Judgment on the Pleadings</u>

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings may be granted when, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law. <u>Chavez v United States</u>, 683 F.3d 1102, 1108 (9th Cir. 2012). The applicable standard is essentially identical to the standard for a motion to dismiss under Rule 12(b)(6). <u>United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). Thus, although the Court must accept well-pleaded facts as true, it is not required to accept mere conclusory allegations or conclusions of law. <u>See Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009). A motion for judgment on the pleadings should be granted "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." <u>Fleming v. Pickard</u>, 581 F.3d 922, 925 (9th Cir. 2009).

<u>Statute of Limitations</u>

Defendant Ibrahim moves for judgment on the pleadings based on the statute of limitations.

 A. <u>Request for Judicial Notice</u>

Defendant asks the court to take judicial notice of CDCR public inmate information confirming plaintiff Joseph McDaniel is serving a sentence of life without the possibility of parole. (ECF No. 141-2 at 2, 4.) Plaintiff did not oppose or respond to the request.

The Court may take judicial notice of public records available on online inmate locators. <u>See United States v. Basher</u>, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); <u>see also</u> <u>Louis v. McCormick & Schmick Restaurant Corp.</u>, 460 F.Supp.2d 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records); <u>Pacheco v. Diaz</u>, 2019 WL 5073594 at *2 (E.D. Cal. Sept. 4, 2019) (taking judicial notice of CDCR's Inmate Locator system); <u>Foley v. Martz</u>, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (same).

////

The CDCR inmate locator website also reflects that plaintiff is serving a sentence of life without parole. (See https://inmatelocator.cdcr.ca.gov). Defendant's request to take judicial notice is granted. The undersigned finds that plaintiff was sentenced to life without the possibility of parole.

B.  Standards Governing Statute of Limitations

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)). "However, Rule 12(b)(6) also permits consideration of any matters of which judicial notice may be taken, and any exhibits attached to the complaint." Guerra v. Janda, 2014 WL 4385689, at *9 (S.D. Cal. Jul. 22, 2014) (citing United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003)).

"'[F]ederal law determines when a civil rights claim accrues.'" Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002) (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000)). "Under federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado, 370 F.3d at 955.

Because 42 U.S.C. § 1983 does not have its own limitations period, this court applies California's "statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).

Such limitation period is statutorily tolled for a period of two years for a person who is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1. Only prisoners sentenced to life without the possibility of parole are excluded from such additional two-year tolling provision. Brown v.

////

Cnty. of Los Angeles, 830 F. App'x 231, 232 (9th Cir. 2020) (only prisoners serving sentences less than life without the possibility of parole are entitled to § 352.1 tolling).

In addition, prisoners are entitled to tolling during the exhaustion of mandatory administrative remedies. Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("the applicable statute of limitations must be tolled while a prisoner completes the mandatory [administrative] exhaustion process" required under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a)).

This court must apply California law governing equitable tolling. Jones v. Blanas, 393 F.3d at 927. Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting Addison v. California, 21 Cal. 3d 313, 317 (1978)). "Under California law, tolling is appropriate in a later suit when an earlier suit was filed and where the record shows:  (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defendant against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Azer, 306 F.3d at 936 (citation and internal quotation marks omitted); Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999). A plaintiff is only entitled to equitable tolling if all three prongs of the test are satisfied. Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1140 (9th Cir. 2001). Plaintiff bears the burden to plead facts demonstrating he is entitled to equitable tolling. Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). "California courts apply equitable tolling 'to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice.'" Jones v. Blanas, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)).

Unless addressed in a summary judgment motion, this court may resolve the statute of limitations issue only where the "running of the statute [of limitations] is apparent on the face of the complaint." United States ex rel. Air Control Tech., Inc. v. Pre Con Industries, Inc., 720 F.3d 1174, 1178 (9th Cir. 2013) (internal quotation and citations omitted).

////

### C. Allegations as to Dr. Ibrahim

Plaintiff's verified amended complaint alleges as follows. On December 15, 2014, plaintiff met with Dr. Ibrahim to discuss corrective/revisionist surgery for the contractures, suffered from prolonged immobilization and the overdue placement of K-Wire pins x3 left in plaintiff's right hand by Dr. Galang. (ECF No. 114 at 7, 15.) On January 30, 2015, Dr. Ibrahim performed corrective surgery on plaintiff's right hand to free the contractures of his third, fourth and fifth metacarpal digits. (ECF No. 114 at 7-8.)

Dr. Ibrahim was deliberately indifferent to plaintiff's serious medical needs after he failed to note or schedule any type of post-operative follow up either with him or plaintiff's primary care physician at MCSP. (ECF No. 114 at 16.) Dr. Ibrahim was aware of plaintiff's need to have the corrective surgery because the metacarpal phalanges were severely contracted after the first K wire pins were not timely removed. Dr. Ibrahim also knew that Dr. Galang left plaintiff in the Who brace short arm splint too long and failed to see plaintiff in a timely manner. Dr. Ibrahim failed to take reasonable measures to ensure plaintiff received a timely follow up appointment after the January 30, 2015 surgery, again leaving plaintiff in a WHO brace short arm splint for too long. (ECF No. 114 at 17.) As a result, plaintiff suffered severe and prolonged pain, and an even worse surgical outcome. Despite Dr. Ibrahim's initial post-surgical notes that he had achieved 100% freedom of plaintiff's third, fourth and fifth metacarpal/tendon adhesions (contractures), after Dr. Ibrahim failed to ensure plaintiff received timely post-operative care, plaintiff suffered severe contractures to the second, third, fourth and fifth metacarpal phalanges and a severely deformed, non-usable dominant right hand. (ECF No. 114 at 18-19.)

Plaintiff does not allege that Dr. Ibrahim was deliberately indifferent to plaintiff's serious medical needs at or after the November 16, 2017 appointment at which time plaintiff declined to undergo another surgery. (ECF No. 114, passim.)

Plaintiff appended Dr. Ibrahim's medical records. (ECF No. 114-4 to 114-7.)

### D. The Parties' Arguments

Dr. Ibrahim argues that his post-operative care in 2015 is barred by the two-year statute of limitations, similar to the court's findings as to defendants Toralba, Martinez, Dr. Galang, Dr.

Hawkins and Dr. Crooks. Plaintiff was aware of the harm or injuries to his right hand allegedly caused by Dr. Ibrahim as of September 2015, but plaintiff did not file the instant complaint until almost four years later. Specifically, defendant contends that plaintiff was aware on September 21, 2015, when plaintiff began a hunger strike to protest the two failed surgeries. (ECF No. 141-1 at 6.) Plaintiff was made further aware by the March 3, 2015 x-ray report which noted well-healed fractures "present with chronic deformity." (Id., quoting ECF No. 114 at 9.)

In opposition, plaintiff concedes that the operative pleading is "devoid of any alleged Eighth Amendment violations stemming from the visit with Dr. Ibrahim on November 16, 2017," but argues that the "entire treatment period, and the treatment itself," establishes defendant's liability. (ECF No. 143 at 6.) Plaintiff contends that the relation back doctrine "applies by analogy," "that plaintiff alleges that defendant Ibrahim was, and is, liable in all his dealings with [plaintiff] McDaniel." (ECF No. 143 at 7-8, citing Fed R. Civ. P. 15(c).) Further, plaintiff disputes defendant's calculation of when plaintiff's claim accrued. Plaintiff argues that the court should consider plaintiff's diminished mental capacity and sophistication, and because he is "on the spectrum of learning and educationally disabled," "he is not subject to the 'reasonable man' standard." (ECF No. 143 at 9.) As a result, plaintiff contends that the accrual date was when plaintiff was informed he would not get better, not when plaintiff was aware of his pain and that his hand had contractures.

Plaintiff asks the court to deny the motion, but in the alternative, seeks leave to amend.

In reply, defendant points out that the undersigned previously rejected, and should again reject, plaintiff's renewed argument:

> A person knows, or should know, of the injury that forms the basis for an action when he knows "both the existence and the cause of his injury," not upon becoming aware of the applicable law that gives rise to a claim. United States v. Kubrick, 444 U.S. 111, 113 (1979); see also Lukovsky v. City & Cnty. of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008). Plaintiff's allegations make clear that plaintiff knew his right hand was contracted after the first surgery and after the delay in removing the surgical pins and the prolonged immobilization of his hand, which he alleges caused the contractures.

(ECF No. 144 at 3, quoting ECF No. 109 at 11:19-25 [adopted in full, ECF No. 112].) Although Dr. Ibrahim treated plaintiff in 2015 instead of 2014, defendant argues that the Court's prior

8

reasoning and rationale applies equally here. Plaintiff was aware of the alleged harm or injuries to his right hand caused by Dr. Ibrahim as of September 21, 2015, when plaintiff began his hunger strike to protest the chronic and severe pain resulting from the two failed surgeries to his right hand, and again on March 3, 2016, when the x-ray report noted his chronic deformity.

Further, defendant contends that plaintiff's reliance on the relation back doctrine is unclear and unavailing because Rule 15(c)(1) is not implicated on these facts, and "the November 16, 2017 visit has no bearing on the statute of limitations analysis in this case." (ECF No. 144 at 4.) To the extent plaintiff is attempting to raise a new claim arising from the November 16, 2017 visit, defendant argues that such effort fails because the relation back doctrine only applies to add a new claim if the original complaint was timely. Because the original complaint was filed long after the limitations period expired, the relation back doctrine could not save any new claim.

As to further amendment, defendant argues that because plaintiff's claims are based on defendant's treatment of plaintiff in 2015, such claims are time-barred and cannot be cured by amendment. Therefore, leave to amend should be denied.

E. Discussion

It is undisputed that because plaintiff is serving a sentence of life without the possibility of parole, the statute of limitations period is two years. The undersigned is sympathetic to plaintiff's disability, but plaintiff offers no legal authority for his argument that the accrual of the limitations period should be the date plaintiff was informed that his condition would not improve. Contrary to plaintiff's argument that "[t]he bottom line is when did plaintiff KNOW he had a lawsuit" (ECF No. 143 at 9), under federal law the accrual of an action is determined by when the plaintiff knows "both the existence and the cause of his injury," not upon becoming aware of the applicable law that gives rise to a claim. United States v. Kubrick, 444 U.S. 111, 113 (1979); see also Lukovsky v. City & Cnty. of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008). "We have interpreted the 'question . . . [of] what . . . we mean by injury' with some flexibility, and held that a 'claim accrues' not just when the plaintiff experiences the injury, but 'when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that

////

injury.'" Bonneau v. Centennial Sch. Dist. No. 28J, 666 F.3d 577, 581 (9th Cir. 2012) (quoting Lukovsky, 535 F.3d at 1051).

Here, plaintiff claims that Dr. Ibrahim failed to ensure plaintiff received timely post-operative care after the January 30, 2015 surgery. Thus, the limitations period should begin on the date plaintiff was aware that no post-operative care was provided because he appears to contend that was the cause of his injury. Such view is supported by plaintiff's claim that the lack of post-operative care caused the contractures he suffered after the first surgery in 2014. Plaintiff does not set forth what date he believes he should have received post-operative care in 2015 or how soon after the second surgery did the contractures return. But by February 13, 2015, Dr. Pettersen requested urgent physical therapy for plaintiff's right hand contractures of the third, fourth and fifth metacarpal digits, suggesting the contractures had returned by then. Given that most post-operative care takes place soon after surgery, plaintiff was aware of such failure long before his hunger strike.[2] However, liberally viewing the allegations, plaintiff knew or should have known about his injury by at least September 21, 2015, when he began his hunger strike to protest his chronic and severe pain resulting from both failed surgeries. Such limitations period commenced on September 22, 2015 and expired on September 22, 2016. Plaintiff did not file this action until June 20, 2019, over three years and eight months after the limitations period expired.

But even assuming, arguendo, that the claim did not accrue until March 3, 2016, when the x-ray showed that the bones had healed but his hand showed a "chronic deformity," plaintiff's claim against Dr. Ibrahim remains time barred. Such limitations period would commence on March 4, 2016, and, because it would expire on Saturday, March 4, 2017, plaintiff's complaint was due on Monday, March 6, 2017. But it was not filed until June 20, 2019, over three years and three months later.

////

---

[2] Interestingly, plaintiff omitted from his amended complaint an allegation he included in his verified original complaint. In paragraph 39, plaintiff claimed that on April 6, 2015, Nurse Yolanda Decoito, RN, filed a CDCR Form 7230-M Primary Care Provider Progress Note, and noted that she called Defendant Dr. Mohamed Ibrahim, MD, at his business office and informed him that Plaintiff intended to sue him (and others) in regards to the medical care provided to Plaintiff. . . ." (ECF No. 1 at 7.)

10

Other than acknowledging that he exhausted administrative remedies, plaintiff did not plead any specific facts about such exhaustion and did not include any such facts in his opposition to the motion. But even if the court liberally granted plaintiff a year for the exhaustion of administrative remedies, such additional time would not save plaintiff's claim against Dr. Ibrahim under either of the above scenarios.

Plaintiff offered no facts or argument to support a claim for equitable tolling, thus failing to meet his burden.

As for plaintiff's attempt to invoke the relation back doctrine to save this claim, the undersigned is not persuaded that such doctrine applies even by analogy. The fact that plaintiff saw Dr. Ibrahim again on November 16, 2017, to discuss a third surgery – which plaintiff did not have – has no bearing on when plaintiff knew or should have known when Dr. Ibrahim failed to schedule timely post-operative care after the January 30, 2015 surgery, or that because of such failure plaintiff again suffered contractures. (ECF No. 114-5.)

The undersigned finds that plaintiff failed to timely file his claim against defendant Dr. Ibrahim; therefore, defendant's motion should be granted.

Leave to Amend

Any new claims arising from Dr. Ibrahim's treatment in 2015 would be time-barred. Moreover, plaintiff identifies no new facts demonstrating Dr. Ibrahim was deliberately indifferent to plaintiff's serious medical needs when Dr. Ibrahim consulted with plaintiff on November 16, 2017, for a potential surgery that did not take place. Thus, the undersigned finds that granting plaintiff leave to amend would be futile. See, e.g., Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1060 (9th Cir. 2008) (affirming dismissal without leave to amend proper where the claims were barred by the statute of limitations so amendment would be futile); Critchlow v. Critchlow, LB, 2013 WL 670448, at *11 (N.D. Cal. Feb. 25, 2013) (dismissing complaint with prejudice where all claims were barred by the statute of limitations).

Conclusion

Accordingly, IT IS HEREBY ORDERED that defendant's request for judicial notice (ECF No. 141-2) is granted.

Further, IT IS RECOMMENDED that defendant Dr. Ibrahim's motion for judgment on the pleadings (ECF No. 141) be granted, that plaintiff's alternative request for leave to amend be denied, and this action be remanded to the undersigned for further scheduling.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 30, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mcda1136.jop