UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEON MCDANIEL,<br><br>Plaintiff,<br><br>v.<br><br>JOE LIZARRAGA, et al.,<br><br>Defendants. | No. 2:19-cv-01136-DAD-KJN (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT IBRAHIM'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. Nos. 141, 145) |

Plaintiff Joseph Leon McDaniel is a state prisoner proceeding through counsel in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 30, 2023, the assigned magistrate judge issued findings and recommendations, recommending that defendant Ibrahim's motion for judgment on the pleadings (Doc. No. 141) be granted. (Doc. No. 145.) Specifically, in those findings and recommendations, the magistrate judge determined that plaintiff's claim that defendant Dr. Ibrahim failed to ensure that plaintiff received timely post-operative care after his hand surgery on January 30, 2015, was barred by the applicable two-year statute of limitations. (*Id.* at 9–11.) In reaching this conclusion, the magistrate judge reviewed the chronology of events in detail and concluded that even under the most favorable interpretation of the events, this claim of plaintiff's accrued no later than March 3, 2016, and the complaint in this action was not filed until over three years and three months later

1

on June 20, 2019, and is thus time barred. (*Id.* at 10–11.) The magistrate judge also found that the relation back doctrine had no applicability to the circumstances presented here. Finally, based on these conclusions, the magistrate judge concluded that the granting of leave to amend would be futile. (*Id.* at 11.)

The findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.* at 14.) On June 7, 2023, plaintiff's counsel filed timely objections to the findings and recommendations. (Doc. No. 146.) On June 9, 2023, counsel for defendant Ibrahim filed a response to plaintiff's objections. (Doc. No. 147.)

In his objections, counsel for plaintiff merely repeats the argument that because plaintiff is developmentally disabled, he was essentially unable to know when his claim against defendant Dr. Ibrahim accrued and appears to suggest that the statute of limitations should therefore not be applied to him. (Doc. No. 146 at 2–5.) In their response, counsel for defendant Dr. Ibrahim points out that not only has this argument been previously advanced by plaintiff and rejected in this case, but there is also no legal authority supporting it. (Doc. No. 147 at 1–4.) The undersigned agrees. In short, none of plaintiff's objections call into question the analysis set forth in the findings and recommendation or provide any basis for their rejection. *See Gable v. United States*, No. 1:12-cv-01634-RMC-GMH, 2017 WL 11592046, at *9–10 & n.11 (D.D.C. Dec. 29, 2017), *report and recommendation adopted*, 319 F. Supp. 3d 37 (D.D.C. 2018) (recognizing in the Federal Tort Claims Act context that "incompetency, even when caused by the defendant, is not a basis for equitable tolling").

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections and defendant Dr. Ibrahim's response thereto, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on May 30, 2023 (Doc. No. 145) are adopted in full;

2

2. Defendant Ibrahim's motion for judgment on the pleadings (Doc. No. 141) is granted;

3. Plaintiff's alternative request for leave to amend is denied; and

4. This case is referred back to the assigned magistrate judge for further proceedings, including scheduling.

IT IS SO ORDERED.

Dated:  **August 8, 2023**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE